**Samuel DeWITT–McCOTTER, Petitioner–Appellant,**

v.

**UNITED STATES SENTENCING COMMISSION, Respondent–Appellee.**

No. 04–40296.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 17, 2004.

Samuel DeWitt–McCotter, Beaumont, TX, pro se.

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM: *

Samuel DeWitt–McCotter, federal prisoner # 12687–056, was convicted of conspiring to distribute cocaine and using a firearm during the commission of a drug trafficking offense. He appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging this conviction. DeWitt–McCotter argues that the district court erred by holding that his 28 U.S.C. § 2241 petition was subject to dismissal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because it did not warrant application of the "savings clause" set forth in 28 U.S.C. § 2255. He contends that his sentence is not authorized because it violates the Ex Post Facto Clause and, in light of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), he was convicted of a nonexistent offense. The district court found that DeWitt–McCotter had raised a *Bailey* claim in a prior motion before the sentencing court.

Because DeWitt–McCotter's claims fail to meet the requisite standard, the "savings clause" is not applicable to his 28 U.S.C. § 2241 petition. *See Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001). Accordingly, the district court's judgment is AFFIRMED.